UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANGIE JOAN MANOLIS,                     :

                    Plaintiff,     :    11 Civ. 2750 (RMB)(HBP)

     -against-                     :    OPINION
                                        AND ORDER
DANIEL BRECHER,                    :

                    Defendant.     :

-----------------------------------X


          PITMAN, United States Magistrate Judge:


I.  Introduction


          I write to resolve the outstanding discovery issues in
this action:  (1) a non-party's motion to quash plaintiff's
subpoena and (2) plaintiff's application for leave to file a
motion to compel and for sanctions.  Plaintiff Angie Joan
Manolis, a Greek attorney, commenced this action against defen-
dant Daniel Brecher, also an attorney, based on Brecher's alleged
failure to assist her with her application to practice pro hac
vice in New York State's courts.  For the reasons set forth
below, the motion to quash is granted, and Manolis's application
for leave to file a motion to compel and for sanctions is denied.

II.  <u>Background</u>

      The facts underlying this action are set forth in the decision of the Honorable Richard M. Berman, United States District Judge.  <u>See</u> <u>Manolis v. Brecher</u>, 11 Civ. 2750 (RMB)(HBP), 2012 WL 527450 (S.D.N.Y. Feb. 16, 2012) (Berman, D.J.).  I assume familiarity with this decision and recite the facts here only insofar as they are relevant to the instant disputes.

      Manolis represented three clients in arbitrations against Subway Internal B.V. before the International Centre for Dispute Resolution, which granted in part and denied in part the relief requested by Manolis's clients.  <u>Manolis v. Brecher</u>, <u>supra</u>, 2012 WL 527450 at *2.  Manolis then sought to file petitions to modify these awards in New York State Supreme Court. <u>Manolis v. Brecher</u>, <u>supra</u>, 2012 WL 527450 at *2.  Because she was not admitted in New York State, Manolis sought to be admitted on a <u>pro hac vice</u> basis.  <u>Manolis v. Brecher</u>, <u>supra</u>, 2012 WL 527450 at *2.  She contacted Brecher to assist her in "the preparation and filing of" these motions.  <u>Manolis v. Brecher</u>, <u>supra</u>, 2012 WL 527450 at *2 (quoting Second Amended Complaint at 5).  On September 8, 2010, the parties entered into an engagement letter, which provided in pertinent part:

        We have not been retained to appear or to represent any one [<u>sic</u>] in any actions or proceedings, and our ser-

> vices are presently limited to ministerial assistance
> to you in your preparation and filing of your pro hac
> vice applications . . . . [I]f we are requested to do
> work or provide services beyond assisting you in your
> preparation of the pro hac vice applications, that will
> be the subject of a separate agreement . . . .

Manolis v. Brecher, supra, 2012 WL 527450 at *2.  Manolis paid

Brecher $2,500 as a retainer and $150 for filing fees.

Manolis alleges that on September 9, 2010, she asked

Brecher to sign a separate retainer agreement to serve as local

counsel in the three underlying actions, but Brecher refused to

do so.  Manolis v. Brecher, supra, 2012 WL 527450 at *2.  Manolis

further alleges that Brecher refused to "hand over the documents"

for her pro hac vice admissions.  Manolis v. Brecher, supra, 2012

WL 527450 at *2.  Finally, "[w]hile Manolis does not specify what

legal work, if any, Brecher performed, she alleges that Brecher

did not 'appear in [c]ourt [as local counsel] to assist [in] the

filing of the [pro hac vice] [m]otions,' and the motions 'were

never filed.'"  Manolis v. Brecher, supra, 2012 WL 527450 at *2.

On February 16, 2012, pursuant to Fed.R.Civ.P.

12(b)(6), Judge Berman dismissed Manolis's claims for legal

malpractice, breach of fiduciary duty, intentional misrepresenta-

tion, negligent misrepresentation, defamation, intentional

infliction of emotional distress and civil conspiracy.  Manolis

v. Brecher, supra, 2012 WL 527450 at *6.  Judge Berman denied

Brecher's motion to dismiss as to Manolis's breach of contract claim. Specifically, he found:

> Manolis has adequately pled a breach of contract. <u>See</u> [<u>Johnson v. Nextel Commc'n, Inc.</u>, 660 F.3d 131, 142 (2d Cir. 2011)]. Manolis alleges that (i) she and Brecher entered into the Engagement Letter on September 8, 201[0] pursuant to which she agreed to pay him a $2,500 retainer fee for his assistance "in the preparation and filing" of motions for pro hac vice admission; (ii) she paid Brecher the $2,500 retainer fee; (iii) Brecher did not file the motions (or hand over the motion documents); and (iv) she was damaged in the amount (at least) of $2,500. (Second Am. Compl. at 5, 11, 15); <u>see Ideal Steel Supply v. Beil</u>, 55 A.D.3d 544, 546, 865 N.Y.S.2d 299 (N.Y. App. Div. 2008); <u>Henry v. Brenner</u>, 271 A.D.2d 647, 648, 706 N.Y.S.2d 465 (N.Y. App. Div. 2000).

<u>Manolis v. Brecher</u>, <u>supra</u>, 2012 WL 527450 at *3.

By Order dated June 21, 2012, Judge Berman referred to me the resolution of certain outstanding discovery disputes (Docket Item 55). By a letter dated July 9, 2012, the parties jointly outlined the outstanding discovery issues in this action: (1) non-party Edna Sussman's motion to quash the subpoena served upon her by Manolis and (2) Manolis's request for permission to file a motion to compel and a motion for sanctions arising from Brecher's document production (Letter from Andrew Gefell, Esq., dated July 9, 2012 ("July 9 Ltr.")).

III.  <u>Analysis</u>

   A.  <u>Motion to Quash</u>

     On or about September 9, 2011, Manolis served a sub-
poena pursuant to Fed.R.Civ.P. 45 on Edna Sussman (Ex. 2 to July
9 Ltr.).  Sussman served as the arbitrator in two of the underly-
ing arbitrations.  The subpoena seeks:

> Any and all communications between Subway International
> BV and or any other related entity or affiliate of
> Subway International BV, collectively "Subway," or
> anyone acting on Subway's behalf, including all tele-
> phone records that indicate all outcome [<u>sic</u>] and
> income [<u>sic</u>] calls between the above during the period
> of September 1st, 2009 until the date of deposition.

(Ex. 2 to July 9 Ltr.).  By a letter dated September 28, 2011,
Sussman, through counsel, sought to quash the subpoena on the
grounds that:  (1) the subpoena is not calculated to lead to any
relevant or admissible evidence and (2) she is protected from the
discovery sought by arbitral immunity (Letter from Theodore L.
Hecht, Esq., dated September 28, 2011, attached as Ex. 2 to July
9 Ltr.).  By Order dated September 28, 2011, I directed Manolis
to respond by October 3, 2011, and stayed Sussman's deposition
pending further Order (Docket Item 42).  By a letter dated
October 3, 2011, Manolis argues that the subpoena to Sussman is

appropriate because the arbitral award she issued was in viola-
tion of public policy.[1]

Fed.R.Civ.P. 45 provides that "the issuing court must
quash or modify a subpoena . . . that (iv) subjects a person to
undue burden."  Fed.R.Civ.P. 45(c)(3)(A)(iv).  "[M]otions to
quash a subpoena are [] entrusted to the sound discretion of the
court."  Fitch v. UBS Painewebber, Inc., 330 F.3d 104, 108 (2d
Cir. 2003).  "'The party issuing the subpoena must demonstrate
that the information sought is relevant and material to the
allegations and claims at issue in the proceedings.'"
Schoolcraft v. City of New York, 10 Civ. 6005 (RWS), 2012 WL

---

[1]Although Brecher has submitted a letter in support of
Sussman's motion to quash (Letter from Andrew Gefell, Esq. dated
May 30, 2012, attached as Ex. 2 to July 9 Ltr.), it is doubtful
that he has standing to challenge this subpoena.  As a general
rule, a party lacks standing to challenge subpoenas issued to
non-parties on the grounds of relevancy or undue burden.  See
Estate of Ungar v. Palestinian Auth., 400 F. Supp. 2d 541, 554
(S.D.N.Y. 2005) (McMahon, D.J.); U.S. Bank Nat'l Assoc. v. PHL
Variable Ins. Co., 12 Civ. 6811 (CM)(JCF), 2012 WL 5395249 at *2
(S.D.N.Y. Nov. 5, 2012) (Francis, M.J.).  Instead, a party other
than the recipient of the subpoena has standing to challenge the
subpoena only if it has a privilege, privacy or proprietary
interest in the documents sought.  See Catskill Dev., L.L.C. v.
Park Place Entm't Corp., 206 F.R.D. 78, 93 (S.D.N.Y. 2002)
(McMahon, D.J.); see also Solow v. Conseco, Inc., 06 Civ. 5988
(BSJ)(THK), 2008 WL 190340 at *3 (S.D.N.Y. Jan. 18, 2008) (Katz,
M.J.) ("Courts have recognized that parties with a privacy
interest in subpoenaed documents have standing to oppose the
subpoena." (citing cases)).  Nevertheless, Brecher's standing is
of no moment here in light of my conclusion, as explained in the
text, that the subpoena to Sussman should be quashed.

2161596 at *2 (S.D.N.Y. June 14, 2012) (Sweet, D.J.) (internal
citation omitted).

Subpoenas served pursuant to Rule 45 of the Federal
Rules of Civil Procedure are subject to the relevancy require-
ments of Rule 26.  Koch v. Greenberg, 07 Civ. 9600 (BSJ)(DF),
2009 WL 2143634 at *2 (S.D.N.Y. July 14, 2009) (Freeman, M.J.).
Rule 26(b)(1) provides that "[p]arties may obtain discovery
regarding any nonprivileged matter that is relevant to any
party's claim or defense" and that "[r]elevant information need
not be admissible at the trial if the discovery appears reason-
ably calculated to lead to the discovery of admissible evidence."
"[W]here, as here, discovery is sought from a non-party, the
Court should be particularly sensitive to weighing the probative
value of the information sought against the burden of production
on the non-party."  Fears v. Wilhelmina Model Agency, Inc., 02
Civ. 4911 (HB)(HBP), 2004 WL 719185 at *1 (S.D.N.Y. Apr. 1, 2004)
(Pitman, M.J.).  "A subpoena that 'pursues material with little
apparent or likely relevance to the subject matter,' however, is
likely to be quashed as unreasonable even where the burden of
compliance would not be onerous."  Kirschner v. Klemons, 99 Civ.
4828, 2005 WL 1214330 at *2 (S.D.N.Y. May 19, 2005) (Casey,
D.J.), quoting Concord Boat Corp. v. Brunswick Corp., 169 F.R.D.
44, 50 (S.D.N.Y. 1996) (Edelstein, D.J.); see also United States

<u>v. Int'l Bus. Mach. Corp.</u>, 83 F.R.D. 97, 104 (S.D.N.Y. 1979) (Edelstein, D.J.) ("Encompassed under the rubric of reasonableness are such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." (internal footnote omitted)).

Here, the subpoena to Sussman seeks documents that are plainly irrelevant and immaterial to the issues remaining in this action. The precise nature of the documents that Manolis is seeking from Sussman is not entirely clear. Nonetheless, to the extent that plaintiff is seeking documents related to the underlying arbitrations over which Sussman presided, these documents do not bear on the sole remaining claim in this action -- Brecher's putative breach of contract. This claim relates only to the contractual relationship between Manolis and Brecher. The fact that this relationship is tangentially connected to the underlying arbitrations does not render documents concerning the arbitration relevant. Sussman will not be able to shed any light on the scope of Brecher's engagement or whether Brecher breached his obligations to Manolis. Indeed, Manolis has not claimed that Sussman had any involvement in her engagement of Brecher as an attorney. As made plain by Manolis's letter in opposition to Sussman's motion to quash, Manolis seeks only to question the

legitimacy of the underlying arbitral awards.  These awards, however, are entirely distinct from the contract between Manolis and Brecher, and are not probative of whether Brecher breached his contractual obligations to Manolis.  In light of this total absence of relevance, Sussman's motion to quash is granted.

    B.  Motion to Compel and
       Motion for Sanctions

      Next, Manolis has requested permission to file a motion to compel discovery and a motion for sanctions.  These applications are denied.

      First, Manolis seeks permission to file a motion for sanctions against Brecher because she claims that two emails that Brecher used while deposing plaintiff are forgeries.  I have carefully reviewed these emails and conclude that there is no basis to believe that either of these emails was forged.

      Manolis claims that an email purportedly sent on September 10, 2010 at 10:02 a.m. from Brecher to Manolis and printed from Brecher's email account is a forgery because an email string printed from Manolis's email account dated Friday September 10, 2010 at 3:42 p.m. does not include the 10:02 a.m. email (see Deposition Ex. 6, attached as Ex. 3 to July 9 Ltr.). The allegedly forged email is itself part of an email string that

contains two emails sent by Brecher to Manolis on September 10,
2010 -- the first of which was sent at 8:42 a.m. and the second
of which was sent at 10:02 a.m.; the 8:42 a.m. email is annexed
to the 10:02 a.m. email.  Manolis claims that the 10:02 a.m.
email was forged (<u>see</u> Deposition Ex. 6, attached as Ex. 3 to July
9 Ltr.).  This email used at the deposition was printed from
Brecher's email account.  Because Brecher is located in New York,
the time stamps presumably reflect Eastern Standard Time.  The
email that Manolis claims is "original" contains only the first
email sent by Brecher on September -- <u>i.e.</u> the 8:42 a.m. email --
but is time stamped at 3:42 p.m., presumably because it was
printed from Manolis's email account in Greece, which is seven
hours ahead of New York (<u>see</u> email dated September 10, 2010
marked "ORIGINAL," attached as Ex. 3 to July 9 Ltr.).  Therefore,
the reason why the email Manolis claims is "original" does not
include Brecher's later email -- <u>i.e.</u> the 10:02 a.m. email -- is
because Manolis printed an earlier-in-time version of this email
chain before the 10:02 a.m. email was sent, and not because
either email is a forgery.

          The second email that Manolis claims is forged does not
contain a description of the attachment that is included in the
version of the email Manolis claims is the original (<u>see</u> Deposi-
tion Ex. 3 and following email, both attached as Ex. 3 to July 9

Ltr.)  This discrepancy can be explained by the fact that these
two emails were printed from different email providers -- the
putatively forged email was printed from Brecher's account and
the putatively original email was printed from Manolis's account.
There is otherwise no basis from which to conclude that the email
Brecher offered at Manolis's deposition was forged or altered in
any manner.

        In the absence of any objective proof that either of
these emails was forged or altered in any manner, there is no
basis for sanctions.  See Go v. Rockefeller Univ., 280 F.R.D.
165, 171 (S.D.N.Y. 2012) (Pitman, M.J.).  Accordingly, Manolis's
application to file a motion for sanctions on the basis of
alleged forgeries is denied.

        Manolis also seeks permission to file a motion to
compel Brecher to produce certain emails between himself and
Allen Charne, a non-party, that were produced by Charne, but were
not produced by Brecher (Letter from Manolis, dated May 18, 2012,
attached as Ex. 3 to July 9 Ltr.).  After receiving Manolis's May
18, 2012 letter identifying alleged deficiencies in Brecher's
document production, Brecher and his counsel determined that
there were "a handful of relevant emails that previously were not
produced, certain of which were produced by Mr. Charne" (Letter
from Andrew Gefell, Esq., dated May 25, 2012, attached as Ex. 3

11

to July 9 Ltr. ("Gefell May 25 Ltr.")).  Brecher explained that

he had failed to produce these documents because they were

"store[d] on a separate server in [an] archived folder for an

email address of Brecher's former firm" and that this repository

was not searched because Brecher believed that all relevant

electronic communications would have been transferred and stored

on his active server (Gefell May 25 Ltr. at 3).  Brecher and his

counsel "double-checked all repositories that could possibly

contain relevant documents" and produced all such documents that

had not previously been produced on May 25, 2012 (Gefell May 25

Ltr. at 3-4).

        I conclude that Manolis's application to file a motion

to compel is moot.  Brecher has represented that he searched and

produced documents from repositories that were previously

searched and from additional repositories.  Manolis has not

provided any reason or documentary proof to doubt the accuracy of

this representation.  It appears that all responsive documents

have been produced, and a motion to compel, therefore, would not

afford any relief.

        To the extent that Manolis seeks sanctions resulting

from Brecher's delay in completing production, that application

is also without merit.  Once Brecher received Manolis's May 18,

2012 letter and was on notice that he may not have produced

certain responsive documents, he made a good faith effort to confirm the completeness of his production and to review additional repositories that might have contained responsive documents.  Brecher produced additional responsive documents approximately a week later on May 25, 2012.  Given Brecher's good faith efforts, I conclude that there is no basis for sanctions.

IV.  Conclusion

For all the foregoing reasons, Sussman's motion to quash the subpoena issued to her by Manolis is granted, and Manolis's applications to file a motion to compel and a motion for sanctions are denied.

Dated:   New York, New York
         August 9, 2013

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

13

Copies transmitted to:

Angie J. Manolis, Esq.
Laskareos 48 & Charilau Trikoupi
Attica, Athens
Greece,  11472

Robert J. Bergson, Esq.
Abrams Garfinkel Margolis Bergson, LLP
17th Floor
1430 Broadway
New York, New York  10018

Copies mailed to:

Theodore L. Hecht, Esq.
Schnader Harrison Segal & Lewis LLP
Suite 3100
140 Broadway
New York, New York,  10005